■ RAMON A. VIERA, Appellant, v ESTHER VIERA, Respondent.—Order, Supreme Court, New York County (Ethel B. Danzig, J.), entered on or about March 25. 1989, which denied plaintiff's motion to reargue and renew a prior court order vacating a default divorce judgment in his favor, unanimously affirmed, without costs.

Order of said court and Justice, entered on or about April 11, 1989, which denied plaintiff's motion to hold defendant's attorney in contempt unanimously affirmed, without costs.

In the interim between the vacatur of the default judgment and this motion to reinstate it, plaintiff had successfully moved to discontinue the action. Therefore, there was no pending action within which the court could grant the re-

quested relief. *(See, Gardner v Board of Educ.,* 28 AD2d 616 [3d Dept].) Further, plaintiff's attorney's statements on this motion, seeking to establish that defendant's notice of appearance was not served until March 1987, after the default divorce judgment was obtained, failed to raise any issue of fact. The statements were not supported by any affidavit from plaintiff himself and the arguments made by plaintiff's attorney were contradicted by plaintiff's prior admission of having received the notice of appearance prior to entry of the default judgment. There was no dispute as to the facts supplied by defendant, that the notice of appearance had been mailed a week after service of the summons, well within the time limits of CPLR 320. Accordingly, there was no occasion to conduct a hearing on the issue of timeliness of the service of the notice of appearance.

We agree that there was no basis to hold defendant's attorney in contempt. Defendant received no payment from plaintiff's employer under an income execution after her counsel became aware of the court order, entered March 8, 1988, discontinuing the divorce action. Concur—Kupferman, J. P., Carro, Asch, Kassal and Smith, JJ.